THE STATE v. ALEXANDER McLANE ET AL.

A lieutenant of a subdivision of the fifth military district had no right to order a judge to dismiss a prosecution for felony pending in court.

APPEAL from Hays. The proceeding was had before Hon. J. J. THORNTON, one of the district judges.

Alexander McLane and Marion Montgomery, with others, were indicted for stealing animals. They were arrested and entered into a recognizance. Pending the case, the following order was addressed to the judge:

"HEADQUARTERS, PRAIRIE LEA,
"*June* 26, 1867.

"Hon. JOHN IRELAND.

"SIR: You will instruct the district attorney to enter a '*nolle prosequi*' against the indictment now pending against F. M. Montgomery and W. A. McLane.

"I am, sir, very respectfully, your obedient servant,
"L. C. PLUMMER,
"*First Lieutenant* 26*th U. S. Infantry*,
"*Comd'g twenty-third sub-district.*"

The record recited: "And the court having called the attention of the district attorney to said order, the district attorney declined to dismiss the indictment against the said McLane and Montgomery named in said order, for the following reasons, to wit: That the court could make no order in a case of felony without the defendants were personally present in court; second, that said military commander had no right or power under the law to interfere with a criminal prosecution pending in this court, or to direct the discretion of the district attorney in the dismissal of a criminal action. Whereupon the court, upon its own motion, orders and decrees that the said indictment against the said Montgomery be dismissed, from which the state appealed."

*E. B. Turner, Attorney General,* for the state, cited no authority.

No brief for the appellee has been furnished to the *Reporter.*

MORRILL, C. J.—Defendants' being on trial for grand larceny, one L. C. Plummer, who purported to be first lieutenant twenty-sixth United States infantry, commanding twenty-third sub-district, addressed a note to the district judge, requiring him to instruct the district attorney to enter a *nolle prosequi* against the indictment pending against the defendants.

The record further discloses that, the court having called the attention of the district attorney to the order, the latter declined to dismiss, because the military commander had no power to give such orders; whereupon the district judge ordered the indictment to be dismissed.

From this order the district attorney appeals to this court.

We are apprized that the reconstruction acts authorize the commanders of their respective military districts to organize military commissions for the purpose of trying offenders, criminals, or disturbers of the peace. And it is probable that Lieutenant Plummer, commanding twenty-third sub-district, conceived it to be his duty to exercise the power in this sub-district which the commander of the fifth military district could exercise. But however much this military gentleman might have desired the acquittal of the parties indicted, and however unjust or oppressive might to him appear the charge of the grand jury, the officer appointed by the state authorities to conduct its causes is the one, and the only one, who can assume the power to dismiss a criminal cause. The district judge has no more right to conduct a criminal than a civil cause. He may, if he choose, suggest to the district attorney, or

to an attorney appearing in a civil suit, that a dismissal of the suit would be advisable.

We would not be understood to censure or impugn the motives or make any reflection on the legal abilities of any of the parties to this transaction in the district court.

Ordered that the dismissal be set aside, and that the court proceed to the trial of the cause as if the dismissal had not been ordered.

ORDERED ACCORDINGLY.