STATE OF TEXAS v. WILLIAM S. ANDERSON, DISTRICT JUDGE, ET AL.

No. 5015.   Decided March 26, 1930.
(26 S. W., 2d Series, 174.)

*H. S. Groesbeeck,* District Attorney pro tem, for relator.

The court has no power to dismiss a criminal case, over or against the protest of the State's attorney. Act Jan. 20, 1840; Act Aug. 7, 1876, p. 88, Sec. 20; Art. 57, Vernon, 1916 Tex. Code Cr. Procedure; Art. 643, Vernon, 1916 Texas Code Cr. Procedure; Art. 577, Texas Code Cr. Procedure of 1925; State v. McLane, 31 Texas, 260; Kelly v. State, 38 S. W., 39; Ex parte Isbell, 87 S. W., 145; 16 Corp. Juris, 435; Deseren v. State, 127 S. W., 1038, 1040; Surginer v. State, 217 S. W., 145; State v. Moise, 35 L. R. A., p. 701; State v. Bug, 6 Rob., 63; State v. Hornsby, 8 Rob. (La.), 583; Commonwealth v. Wheeler, 2 Mass., 172; Commonwealth v. Smith, 98 Mass., 10; Tufts' Case, 56 N. H., 137; State v. Murvin, 2 Conn., 209; State v. Woorster, 55 Ala., 217; State v. McLeod, 37 Am. Dec., 328, 25 Wend., 483, 1 Hill, 377; State v. Donaldson, 44 Mo., 149; State v. Hickling, 45 N. J. L., 152; Commonwealth v. Andrews, 2 Mass., 409; State v. Andrews, 98 Mo., 125; Standard Ency. of Pro., V. 20, pp. 656–7; Commonwealth v. Tuck, 20 Pick. (Mass.), 356–366; People v. Briggs, 24 Cal., 41; State v. Frazier, 52 La., Ann., 1305, 27 So., 799; People v. Beckwith, 2 N. Y. Crim., 29; People v. Bennett, 49 N. Y. Ct. App. Rep., p. 141; Lizotte v. Bloska, 86 N. E., 775; People v. Zobel, 130 Pac., 837.

Court has no power to dismiss a criminal prosecution, except upon motion by the district attorney; and no legal, valid dismissal of a criminal case may be had, except by act of or direction of District Attorney. 16 Corpus Juris, p. 434, Art. 782, of Criminal Law; Exhaustive note on "Power to Dismiss a Prosecution," see: Book 35, L. R. A., 701–708; 16 Corpus Juris, p. 495, Art. 783, of Criminal Law; Commonwealth v. Hughes, 153 Ky., 34, 154 S. W., 399; People v. Zobel, 54 Colo., 288, 130 Pac., 837; State v. McLane, 31 Texas, 260; Rev. Stats., Art. 1; Code of Criminal Procedure, Art. 577.

In the absence of a Statute permitting the Court to dismiss a cause—and there is no such Statute in Texas—the Court has no power, either, to enter or to direct the prosecuting officer to enter a nolle prosequi and having no such power, its attempted usurpation of such power renders such action of the Court, as void. People v. Bruggs, 24 Col., 41; State v. Frazier, 52 La. Ann., 1305, 27 So., 799; State v. Hickling, 45 N. J. L., 152; People v. Beckwith, 2 N. Y. Crim., 29; 20 Standard Ency. of Procedure, 656; Commonwealth v. Tuck, 20 Pick., 356, 366; 20 Standard Ency. of Procedure, 657, 658; People v. McLeod, 25 Wend., 483; Commonwealth

v. Wheeler, 2 Mass., 172; People v. Bennett, 49 N. Y. Court of App. 141; People v. Zoebel, 130 Pac., 737; People v. Carr, 48 Pac., 501; Gray v. District Court, 94 Pac., 289; Commonwealth v. Cundiff, 147 S. W., 767; Commonwealth v. Flynn, 170 S. W., 617.

. *Boyle, Wheeler & Gresham, Black & Graves* and *W. S. Anderson,* for respondents.

This proceeding involves a collateral attack on the judgment of dismissal, and can only be entertained under those settled rules which govern the collateral review of judicial proceedings. Under these rules, relator must show that the judgment of dismissal is absolutely void for want of power or jurisdiction in the court rendering the judgment. It will not be sufficient for relator to show that the order is erroneous and, for that reason, voidable. In re. Pollitz, 206 U. S., 323; Ex Parte State of Nebraska, 209 U. S., 436; In Re Winn, 213 U. S., 458.

The writ of mandamus cannot be made to serve the office of an appeal or writ of error. It cannot be used to correct mere errors, however gross. And, where judicial action is merely erroneous and voidable, and not absolutely void, the Writ will not lie, even though the party have no other remedy. Ex Parte Newman, 14 Wallace, 152; Ex Parte Ostrander, 1 Denio, 679; Spelling, Extraordinary Remedies, Vol. 2, Sec. 1390.

The fact that, under our Constitution and laws, the State is allowed no appeal or writ of error in criminal cases sufficiently discloses the legislative intent that mere errors committed against the State in criminal cases cannot be corrected through the agency of the writ of mandamus. It would be unreasonable to deny the State the simple and direct remedy of appeal, and yet award it the extraordinary remedy of mandamus to effect the same purpose. Matthew Addy Steamship, etc., Co., 256 U. S., 417.

A nolle prosequi entered by the prosecuting attorney, under the common law, while it had the same effect as a dismissal by the court, was not in fact a dismissal by the court. A nolle prosequi is an act of the party. A dismissal is the judgment of the court. The distinction here is the same as exists in civil cases between a nonsuit and a dismissal. The plaintiff may take a non-suit, but only the court can enter a judgment of dismissal.

Under our Constitution, the District Court is given exclusive original jurisdiction of all felony cases. (Section 8, Article 5, State Constitution.) Notwithstanding this plenary grant of jurisdiction

in the Constitution, relator Groesbeck urges that the District Court is devoid of efficient power to control its docket in the handling of criminal cases and is devoid of that inherent power possessed by all courts to dismiss cases that are not properly prosecuted and the trial of which would be a useless and vain proceeding.

In State v. McDonald, 137 Pacific, 363, the Supreme Court of Oklahoma held that the trial court had the power and lawful right, without the consent of the county attorney, where a defendant is charged with murder, to order the dismissal of said charge and permit the defendant to plead guilty to manslaughter.

The very statute relied upon by Relator (Article 577, Code of Criminal Procedure,) shows that a dismissal now results from the judgment of the court and not from the action of the county or district attorney; that the dismissal is accomplished by judgment, and not by mere act of the party. Formerly, a dismissal in a criminal case might be accomplished by the mere act of an executive officer. Under this statute, the dismissal results from the judgment of the court and not from the act of the county or district attorney in beginning the proceeding. Where the county attorney files a motion to dismiss and the motion is granted, the dismissal results, not from the motion, but from the judgment of the court that the dismissal should be had.

The District Court is, by the Constitution, given the power to try all felony cases, and that grant carries with it the independent inherent power of every court to control the business on its docket and, therefore, the power to dismiss litigation, the trial of which, in the judgment of the court, would be a vain and useless proceeding. Assuming that the District Court has not such inherent or independent power, nevertheless the statute (Article 577, C. C. P.,) correctly construed, in effect recognizes and creates in the court the power to dismiss a criminal case *by judgment of the court.*

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

The grand jury of Bexar County returned 40 felony indictments each against Peter and Paul O'Brien, charging theft and embezzlement from D. Sullivan, by whom they were employed, the amount of the alleged defalcation aggregating several hundred thousand dollars. Each of these parties was tried in separate cases in the district court under one indictment, such trials resulting in acquittals.

It appears that the judge of the 37th Judicial District called a special summer term of that court to convene on August 10, 1926. At that time, the regular judge being absent, Honorable George O. Brown, a practicing attorney of the San Antonio Bar, was elected as a special judge by members of the bar who were present. In the latter part of this special term the defendants in such criminal cases filed their respective motions asking the court to dismiss all of these pending indictments. None of these motions were sworn to. They set up various grounds of dismissal, among others that the judgments entered in the cases where the defendants were acquitted were res adjudicata of the principal question involved in the pending cases, and that further trials would involve a useless expense to the state. On account of the disqualification of the then district attorney, the special judge appointed Honorable H. S. Groesbeck as district attorney pro tem to represent the state on the hearing of these motions. He appeared in that capacity and vigorously protested the granting of said motions, but notwithstanding such protest, on the last day of the term of said court, said special judge entered orders dismissing all of these cases and thereupon adjourned the court for the term.

The following Monday the regular term of the 37th District Court began, the regular judge, Honorable W. S. Anderson, presiding. The district attorney pro tem filed in said court his motion requesting the court to set for trial all of the felony cases which the special judge had attempted to dismiss, alleging that said court was without power to dismiss said causes over the protest of the district attorney, that the orders dismissing such cases were void, and that all of said cases were therefore still pending upon the docket of said court. The court overruled the motion and refused to set such cases for trial, assigning as a reason therefor that he believed the orders of the special judge in dismissing these cases were valid and that the cases were therefore disposed of and off the docket.

Leave was granted by the Supreme Court for relator, the district attorney pro tem, in the name of the State of Texas, to file this petition asking that writ of mandamus be awarded, compelling the regular district judge to set said criminal cases for trial and to seasonably proceed to the trial thereof.

If a district court, under the laws of this state, is without power to dismiss a good and sufficient indictment on motion of the defendant over the protest of the district attorney, then the writ of

mandamus prayed for should be granted, otherwise it should be refused.

The courts of Texas must look to the Constitution of this state, the enactments of the Legislature, and the common law, for their authority to summarily dismiss a criminal case over the protest of the district attorney in charge of such prosecution. And if the authority does not exist at common law, has not been conferred by the Constitution nor by the statutes of this state, then the attempted exercise of such power by the court in this instance is ineffectual and void. Austin & N. W. Ry. Co. v. Cluck, 97 Texas, 172, 77 S. W., 405, 64 L. R. A. 494.

The common law is followed in criminal as well as in civil matters where it has not been changed by the Code. Matthews v. The State, 32 Texas, 117; Article 4, Penal Code 1925; Article 24, Code of Criminal Procedure, 1925; Article 1, R. S., 1925.

Prior to 1876 there was not found either in the Constitution or in the statute any specific provision conferring authority upon the district court to summarily dismiss a criminal case, hence it becomes necessary to ascertain whether such power existed at common law. In Cyc., Vol. 12, p. 375, the common law rule on this subject is stated to be:

"At common law, the matter of entering a nolle prosequi *rests entirely* within the discretion of the prosecuting officer and leave of the court is not necessary; and, by the weight of authority, this is still the rule in the absence of a statute where the entry is before the trial begins."

It is further said by the same text:

"In the absence of a statute, the court has no power to enter or direct the prosecuting officer to enter a nolle prosequi," citing Commonwealth v. Wheeler, 2 Mass., 172; State v. Matthews, 98 Mo. 125, 10 S. W., 144, 11 S. W., 1135; State v. Hickling, 45 N. J. L., 152; People v. Bennett, 49 N. Y., 137; People v. McLeod, 37 Am. Dec., 328; People v. Beckwith, 2 N. Y. Cr., 29; State v. McLane, 31 Texas, 260.

The same rule is announced in Corpus Juris, Vol. 16, p. 452, in this language:

"At common law *only the attorney general could exercise the power* to enter a nolle prosequi upon an indictment; and where there is no statute upon the subject, this power is still imposed on the attorney general or the several public prosecutors."

Numerous authorities are cited to support the text, and none are cited announcing a contrary doctrine.

Standard Cyclopedia of Procedure, Vol. 20, p. 56, is along the same line.. Discussing where the power rests to enter a nolle prosequi, it is said:

"The authority to enter a nolle prosequi rests usually in the *prosecuting attorney alone;* it cannot be entered *by the court on its own motion unless authorized by statute;* nor can a nolle prosequi be entered by others, even though they be connected with the case.

In the same text, at page 657, in discussing how the motion to dismiss must originate, it is said:

"Defendant's attorney cannot originate the motion," citing People v. Bruzzo, 24 Cal., 41; State v. Frazier, 52 La. Ann. 1305, 27 So., 799; State v. Hickling, 45 N. J. L., 152; People v. Beckwith, 2 N. Y. Cr., 29.

In Wharton on Criminal Procedure, (10th Ed., Vol. 2, p. 177, Sec. 1310) regarding the summary dismissal of criminal cases, it is remarked:

"A nolle prosequi is the voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill, and at common law is a prerogative vested in the executive *by whom alone it can be exercised."*

The rule is recognized by the Supreme Court of Massachusetts in the case of Commonwealth v. Wheeler, 2 Mass., 172, wherein it is said:

"I observe in the bar the nolle prosequi is alleged to have been entered by the advice of the Court of Common Pleas. Certainly, the courts are not legally competent to give any advice upon this subject. The power of entering a nolle prosequi is to be exercised at the discretion of the attorney who prosecuted for the government, and, for its exercise, he alone is responsible."

In People v. Bennett, 49 N. Y., 141, the Court of Appeals of New York, in discussing the power of the trial court to dismiss a criminal case before trial, said:

*"The court has no power to nolle prosequi* an indictment, except on motion of the district attorney; and the necessity of procuring the consent of the court is of comparatively recent statutory regulation. (2 R. S., 728.) This restriction applies to district attorneys only; the attorney general still having power to enter a nolle prosequi upon any indictment without the consent of the court."

A similar rule is announced in the case of People v. Zoebel, 54 Colo. 284, 130 Pac., 737, wherein it is said:

"It was not competent for the court of its own motion and against the protest and objection of the district attorney to dismiss the case and discharge the defendant; at that stage of the proceedings (before trial commenced) *the district attorney was the only one who could have the proceedings discontinued.*"

In the case of People ex rel. Carr v. District Court, 23 Colo., 466, 48 Pac., 501, the court, in discussing the common law rule on this subject, says:

"It is admitted that at common law the attorney general has such power, and it seems clear from our statute, that the mantle of the attorney general in this respect rests upon the several district attorneys of this state in their respective districts. The statute provides that the prosecution of all criminal offenses shall be conducted according to the rule of the common law except when the criminal code points out a different method."

That the power sought to be exercised by the court in the proceedings in question rests exclusively with the district attorney is indicated by the opinion in the case of Gray v. District Court, 42 Colo., 298, 94 Pac., 289, wherein it is remarked:

"The law does not vest in the district attorney the power to dismiss cases subject to the approval of the court, but *vests absolute power of dismissal in that officer.*"

In the State of Kentucky there exists a statute with reference to the dismissal of criminal cases that is practically identical with the statute on that subject in this state. The power of the court to enter a dismissal for reasons that seem good and valid was elaborately considered by the Supreme Court of Kentucky in the case of Commonwealth v. Cundiff, 149 Ky., 37, 147 S. W., 767, wherein the court said:

"The sole question is: May the Court on its own motion, by filing the indictment away, prevent the prosecution of one charged with a crime? For the purposes of this case, it may be conceded that the motive actuating the Court was good. His sympathy for this unfortunate girl and the feelings of her father and mother no doubt induced him to take the step which he did. But in matters of this kind Courts must be governed in their action, not by sympathy, but by the rules of procedure made and adopted for their guidance. We know of no authority any where given to the court to control or direct the dismissal of the prosecution where the indictment upon

which it is based is good. Section 118, Kentucky Statutes, provides: 'It shall be the duty of the Commonwealth's attorney to attend each Circuit holden in his district, and prosecute all violations of the criminal and penal laws therein, and discharge all other duties against him by law.'

"Under the authority of this statute, he is given practical control of all criminal prosecutions. He is chosen representative of the State. If for any reason he sees fit, he can dismiss an indictment, provided he proceeds according to section 123, Kentucky Statutes, which provides: 'Before the Court shall permit any commonwealth's or county attorney to dismiss any indictment or enter a nolle prosequi in any case, such attorney shall file a statement, in writing, setting forth the reasons for such dismissal or such failure to prosecute, which statement shall be signed by the commonwealth's or county attorney, as the case may be, and spread upon the order book of the court, and an order entered in accordance therewith.' This provision of the Statute makes plain: First, that where an indictment, for any cause, is to be dismissed or filed away, it can only be done upon motion of the commonwealth's attorney, or the county attorney who may be acting for him; and, second, that it cannot be done by even the commonwealth's or county attorney, except the reasons therefor be reduced to writing, and the Court, upon having considered the reasons upon which the discontinuance of the prosecution is sought, gives his consent that it may be done. A prosecution by indictment is litigation in which the State is plaintiff or complainant, and is represented by the commonwealth's attorney. The judge does not represent the State any more than he does the defendant in the prosecution. His right to control the prosecution goes only to the extent of determining whether or not the indictment is good on demurrer. If he holds it to be a good indictment, *he is without power to direct its dismissal.*"

The rule laid down in this case was re-affirmed by the same court in the case of Commonwealth v. Hughes, 153 Ky., 34, 154 S. W. 399, in which it was held that the district court was wholly without power to dismiss a criminal case on his own motion. In discussing such question this language was used:

"The trial court may at all times pass upon the sufficiency of the indictment; it may also determine upon the trial whether there is any evidence introduced to prove the defendant's guilt, and if not, instruct the jury to acquit him. But *it is without power to dismiss* a sufficient indictment without a trial of the defendant *when such dismissal is objected to by the commonwealth's attorney.*"

How firmly the rule vesting the exclusive power in the prosecuting officer to dismiss a case was established at common law is forcibly and effectively illustrated in a conversation relating to the commitment for seditious language of certain persons belonging to a sect called "Prophets." Lacy, one of the friends of the prisoners committed assumed to intercede for them, and upon his conference with Lord Holt the following colloquy is reported:

Lacy: "I come to you, a prophet from the Lord God, who has sent me to thee, and would have thee grant a *nolle prosequi* for Mr. Atkins, His servant, whom thou hast cast into prison."

Chief Justice Holt: "Thou art a false prophet, and a lying knave. If the Lord God had sent thee, it would have been to the Attorney General, for He knows that it belongeth not to the Chief Justice to grant a *nolle prosequi;* but, as Chief Justice, I can grant a warrant to commit thee to bear him company." 2 Campbell's Lives of the Chancellors, 173, cited in Wharton's Criminal Pleadings and Practice, (9th Ed.) 268.

Before the enactment of any statute upon the subject, our Supreme Court was called upon to determine the power of the district court to dismiss a criminal case before trial. In the case of State v. McLane, 31 Texas, 260, it appeared that the district court had entered a judgment of dismissal in a criminal case upon an order of an army officer. The Supreme Court expressly held that the court was without power to enter such an order, and in passing on the question said:

"But, however much this military gentleman might have desired the acquittal of the parties indicted, and however unjust or oppressive might to him appear the charge of the grand jury, the officer appointed by the state authorities to conduct its causes *is the one, and the only one, who can assume the power to dismiss a criminal cause.* The district judge has no more right to conduct a criminal than a civil cause. He may, if he choose, suggest to the district attorney, or to an attorney appearing in a civil suit, that a dismissal of the suit would be advisable."

We think the foregoing authorities, which include the Supreme Court of our state, clearly demonstrate the proposition that at common law the district court was without power before the trial commenced to enter an order dismissing criminal cases except upon motion of the district attorney.

The question next arises whether the enactment of the statute in 1876 modified the common law rule in this respect, and conferred

such power upon the district court. The statute enacted at that time is Article 577, Code of Criminal Procedure, 1925, which provides:

"The district attorney * * * may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge."

A number of states have enacted similar statutes to prevent the very abuse that actuated the passage of the above article of the Code of Criminal Procedure. The purpose of such statutes is indicated in various decisions, among others the case of People v. McLeod, 25 Wend., 483, 37 Am. Dec., 328, wherein it is said:

"It is said in New York that because at common law the power of the attorney general had been delegated to district attorneys in nearly everything pertaining to indictments and other criminal proceedings local to their respective counties, the Legislature, finding the power in so many hands, and fearing its abuse, provided that it should not thereafter be lawful for any district attorney to enter a nolle prosequi upon any indictment or in any other way discontinue or abandon same without the leave of the court having jurisdiction to try the offense charged."

The only enlargement of the power of the district court by the enactment of the statute of 1876 is to confer upon the court a veto power upon the action of the district attorney. The Legislature will be presumed to have been familiar with the decisions of the courts, and of the rules at common law, which deny the district court power to terminate without trial a criminal case, and if it had been intended by the enactment of the statute to confer such power, the Legislature would have used language clearly indicating such intent. In fact, we think the enactment of this statute negatives the idea that it was intended that the district court should possess any such power for the reason that it specifically provides the circumstances under which the district court may dismiss a criminal case, and that is when the motion for dismissal has been initiated by the district attorney.

Respondent has filed an elaborate brief in this case in which it is ably argued that the constitutional provision vesting jurisdiction in the district court in felony cases is sufficient authority to sustain the power exercised by the trial court in dismissing the criminal cases in question. An analysis of the authorities shows that the courts generally have disregarded this view, as in all the adjudicated cases the courts involved were necessarily by constitution or statute vested

with jurisdiction to try such cases. In none of these cases is it held that the mere conferring of jurisdiction to try criminal cases clothed the court with extraordinary power of acting as representative for the state with authority to prevent the chosen representative of the government from carrying out the duty placed upon him of prosecuting the pleas of the state. If such power existed, there would frequently be an unseemly conflict of authority, as is well illustrated by the facts of this case. Here we have the duly chosen representative of the state asserting that the facts in his possession are sufficient to justify trial of the defendants, while the trial court on an unsworn motion of the defendants has determined that such cases shall not be tried. It must be remembered that the state has no right of appeal, and for this reason, if district courts possess the power contended for, they would possess superior authority to the officer specially charged by law with the conducting of criminal prosecutions. Under such a situation, the district attorney, who in the nature of things, is thoroughly familiar with all the facts which are the basis of the criminal prosecution, cannot dismiss the same without permission of the court, but the court would be vested with power to not only dismiss the same without the consent, but even over the protest, of the prosecuting officer.

Respondents seem to lay great stress upon the fact that the cases relied upon by relator as affirming a want of power in the district court to dismiss a criminal case before trial were appeals by the state involving direct instead of collateral attacks. While this is true, nevertheless the direct question in such cases was presented as to whether the *power existed* to enter such judgments and the decisions were based not upon an irregular exercise of the power to dismiss, but upon the absolute want of power.

The case of the State v. Hickling, 45 N. J. L., 152, which involved a similar state of facts to this case, is directly in point on this question. There a motion was made by defendants that a nolle prosequi be entered by the court, because there was an absolute failure on a former trial to adduce any evidence of a conspiracy to warrant the state in again presenting the indictment for trial. The court found that the facts were as alleged in the motion, and also concluded that the defendants should not be further prosecuted, but the motion was denied on the ground that the court was *wholly without power to grant the same*. It was there said:

"But, the power of the court to order the representative of the state to enter a nolle prosequi upon an indictment presents a different question. At the common law, only the attorney general could

exercise this power, and in doing so, was beyond the power or control of the courts. 1st Archb. Cr. Pleading, (Pomeroy's Notes, 316); People v. McLeod, 1 Hill., 371; State v. Graham, 12 Vroom, 15; Apgar v. Woolston, 14 Vroom, 57, and here there being no statute upon the subject, the power is still reposed in the attorney general or the several prosecutors of pleas, who for this purpose stand in his place as the state's representative."

In concluding its opinion, it should be noted that the court rests its denial of the motion, not upon the lack of facts to sustain the same, but upon the want of power in the court to grant it, using this language:

"The motion in form as made may, *for want of power in the court,* be denied."

Under the reported opinion in the case of Moise v. The State, (48 La. Ann., 109), 35 L. R. A., 701, will be found an exhaustive note in which the authorities are collated, showing a uniform holding in line with the cases cited in this opinion.

We therefore conclude that the action of the district court in summarily dismissing the criminal cases on the motions of the defendants was void, and that the writ of mandamus prayed for should be awarded.

The opinion of the Commission of Appeals is adopted and the mandamus awarded.

*C. M. Cureton,* Chief Justice.