Carswell, J.
We have here a challenge to a County Judge’s assertion of power to receive, over the objection of a District Attorney, a plea of guilt to a lesser ofíense than that set out in an indictment.
Boscoe Bhodes was indicted for the crimes of burglary in the third degree and petit larceny. When arraigned he pleaded not guilty. The minutes disclose that when the case was called, for trial, the defendant was permitted by the court, over the objection of the District Attorney, to withdraw his plea of not guilty and to plead guilty to “ "Unlawful Entry ” a crime not charged in the indictment but within the crime so charged. The record does not contain “ a written statement of the reasons therefor * * * by the court ”, nor the filing thereof “ as a public record.” (Code Crim. Pro., § 671.) It does not contain any order other than that recited in the minutes; and there is no formal order made by the court dismissing the action or the indictment, or any count therein.
Judicial action may not be sustained where, wisely or unwisely, it is impelled by reluctance to mete out prescribed punishment, .or by a yielding to compassion or to generous impulses, unless that action has legal sanction or statutory authorization.
The authority for the exercise by a County Judge of power to make an order in a criminal case must be found in the Code of Criminal Procedure. Power must be conferred upon him expressly or impliedly by statute. (People ex rel. Hirschberg v. Orange Co. Ct., 271 N. Y. 151, 155.) This principle leaves *458 untouched what is often called an exception thereto,.hut which is really a grant of power by necessary implication — the power to make an order to protect a citizen in his constitutional prerogatives and prevent oppression. (People v. Glen, 173 N. Y. 395, 400.) It is not claimed that the court’s action herein comes within the latter doctrine.
The County Court and the District Attorney both assert that the statutory provisions they invoke are clear and unambiguous, although they reach diametrically opposite conclusions thereon. The statutory provisions invoked are clear and unambiguous and the question posed can be readily decided without resort to other than the language of the cited statutes.
The County Judge contends that the power which he exercised is granted to him by section 671 of the Code of Criminal Procedure, which reads:
“ § 671. Court may order indictment to be dismissed.
“ The court may, either of its own motion, or upon the application of the district attorney, and in furtherance of justice, order an action, after indictment, to be dismissed. In such case a written statement of the reasons therefor shall be made by the court and filed as a public record.”
To determine the true scope and effect of the foregoing section, two succeeding sections of the Code of Criminal Procedure must be read. They are:
“ § 672 * * *
“ The entry of a nolle prosequi is abolished; and neither the attorney-general, nor the district attorney, can discontinue or abandon a prosecution for a crime, except as provided in the last section.
“ § 673 * * *
“ An order for the dismissal of the action, as provided in this chapter, is a bar to another prosecution for the same offense, if it be a misdemeanor; but it is not a bar, if the offense charged be a felony.” (Emphasis supplied.)
The heading of chapter VII of title XII, in which they are placed must be considered. It is “ Dismissal of the action, before or after indictment, for want of prosecution or otherwise.” (Emphasis supplied.) The chapter is concerned with (a) sections which authorize a defendant to move to dismiss an.indictment for want of prosecution; and (b) sections (including § 671) which confer power upon a court to act in furtherance .of justice and declare, the effect of such exercise bf power. These latter sections necessarily relate to the phrase “ or otherwise ”.in the chapter heading. Neither the chapter heading nor the sections *459 therein are concerned with the subject of plea. Section 671 contemplates an order which eliminates the pleading before the court in the form of an indictment and dismisses the action. When a pleading such as an indictment is dismissed there is nothing before the court in the nature of a charge to which a defendant can plead or upon which a court can accept a plea. There is no express provision in section 671 authorizing a court to accept a plea to a lesser degree of crime than that charged in the indictment. The power expressly conferred upon the court is “ of its own motion * * * in furtherance of justice, [to] order an action, after indictment, to be dismissed.” This is the only form of action authorized by the section and contemplates the extinction of the action and the pleading therein. The language does not, by necessary implication, authorize the acceptance of a plea to any degree of crime. When the power authorized by the section is exercised, no pleading survives upon which a plea may be had, and a pleading or indictment is essential to the prosecution of a crime and to the acceptance of a plea in regard thereto. (Code Crim. Pro., § 222; see, also, §§ 444, 445.) The statute, therefore, contains no grant of power to the County Judge, expressly or by necessary implication, to compromise a charge in an indictment by accepting a lesser plea over the objection of the District Attorney.
Moreover, there is no “ written statement of the reasons ”, as required by the section, contained in this record and such a written statement is essential to valid action, if the court assumes to act under section 671 and dismiss the action or the indictment independently of assuming to accept a lesser plea. According to this record, what actually occurred in respect of the indictment is not referable to the language of section 671. No indictment was dismissed; no written statement was filed; merely a plea of guilt to a lesser degree of crime was accepted-over the District Attorney’s objection. The acts which did occur are referable to that which is contemplated by section 342-a of the Code of Criminal Procedure.
The District Attorney contends that the controlling statute is section 342-a, which reads:
“ § 342-a. Pleas of guilty to lesser offense than that charged; requirements.
" In any case where the court, upon the recommendation of the district attorney, and in furtherance of justice, accepts a plea of guilty to a crime or offense of a lesser degree or for which a lesser punishment is prescribed than the crime or offense charged, it shall be the duty of the district attorney to submit *460 to the court a statement, in writing in which his reasons' for recommending the acceptance of such plea shall he clearly set forth. Such statement shall be filed by the court with the other papers in the case and. shall be a public record subject to inspection by any person.”
It is conceded, as indeed it must be, that the foregoing section, when enacted in 1936, did not grant any new power to the District Attorney. When it was enacted the District Attorney had-the power, before and after section 671 was enacted, to recommend the acceptance of a plea of guilt to a lesser degree of crime than that charged in the indictment, on a mere oral statement to the court. This power was theretofore conferred upon him by section 200, subdivision 4, of the County Law, and. predecessor statutes. The duty and obligation, therefore the power (N. Y. Const., art. IX, § 6) to prosecute crimes included, by necessary implication, the power to recommend the acceptance of a plea of guilt to a lesser offense than that charged in the indictment, if it came within the crime charged therein. (Code Grim. Pro., § 334, subd. 2.) By similar constitutional and statutory provisions, of course, the court (N. Y. Const., art. VI, § 11; Code Grim. Pro., § 222) had the power to reject or accept such, a plea when recommended by a District Attorney. When section 342-a was enacted, therefore, it was merely a repetitious declaration of a-power previously conferred on the District Attorney, with a new requirement that his recommendation must be in writing. This latter provision was enacted to prevent certain abuses connected with the entry of lesser pleas on oral recommendations of a District Attorney. .Section 342-a is contained in chapter VI'I of title V, the heading of which is “ Plea ”. That chapter is concerned with different forms of pleas and the manner in which they may be entered or withdrawn and the effect of such actions. .The heading of the chapter in which section 342-a is placed must be contrasted with the heading of the chapter in which section 671 is found. The latter chapter is not concerned with “pleas ” but, as its heading indicates, it is concerned with “ Dismissal of the action ”, the effect thereof, and nothing else. The explicit provisions of section 342-a in respect of lesser pleas, negatives the existence, of a similar power by implication under section 671.
It follows inescapably, therefore, that when anything is to be done in respect of a lesser plea, the section of the code specifically concerned with pleas determines wliat action may be taken, by whom, and under what circumstances. That statute is section 342-a of the Code of Criminal Procedure. Both statutes require a written statement to sustain official action. Here *461 we bgve no compliance by either the Judge or the District Attorney with this requirement of both section 342-a and section 671. It thus appears, limiting inquiry to the language of the statutes invoked, that the County .Court was without power to do that which it did herein and that its act was a nullity. This view recognizes that the statutes cited regulate official action differently in two separate, distinct and unrelated fields, just as was done at common lav7.
At common law no part of the power to accuse a person of crime or to prosecute a person for crime was vested in a court. These powers were vested elsewhere. The power to prosecute crime and control the prosecution, after formal accusation had been made, was reposed in a prosecuting officer, an Attorney-General or a District Attorney. When the Code of Criminal Procedure Avas enacted, declaratory for the most part of the common law, this allocation of poAver Avas continued. (§§ 252, 222, 444, 445; County Law, § 200, subd. 4; N. Y. Const., art. IX, § 6.) It must be assumed that the Legislature recognized that when a departure from this basic plan became expedient, it was imperative that an innovation required an explicit grant of power, leaving nothing to implication. It may not be presumed that the Legislature intended to disrupt the basic general plan for the administration of justice or envelop it in conflict and contradictions by sanctioning change by implication. The meaning and effect ascribed above to the pertinent statutes harmonizes them and achieves and subserves the legislative objective and purpose.
It is argued, however, that the foregoing conclusion is not consonant Avith the history of the enactment of section 671. It is correctly said that its enactment constituted a transfer to the court of a poAver, in substance, to nolle prosequi upon an indictment, \Arhich poAATer was formerly possessed by the Attorney-General and later, to a limited degree, by the District Attorney. (People v. McLeod, 25 Wend. 483, 573; State ex rel. Groesbeck v. Anderson 119 Tex. 110, note, 69 A. L. R. 240.) It is intimated that the power to nolle prosequi upon an indictment included within it the power to accept a plea to a lower degree of crime than that charged in the indictment. This contention disregards the fact that when at common laAv the pówer Jo nolle prosequi upon an indictment vested in the Attorney-General he also had, incidental to his duty and obligation to prosecute crime, a separate poAver to recommend to the court the acceptance of a lesser plea. This AAras also true of the District Attorney when later the power, Avith limitations, to nolle prosequi *462 upon-an indictment wag conferred upon him by statute. (2 Rev. Stat. of N. Y. [2d ed.], p. 609, § 54; People v. Bennett, 49 N. Y. 137, 141.) The power to act in respect of a lesser plea was not part of nor incidental to the exercise of the power to enter a nolle prosequi upon an indictment. The power to do the latter was a: separate power and of a wholly different nature. It concerned the extinction of an indictment or counts therein and that alone. When section 671 of the Code of Criminal Procedure was enacted, therefore, in 1881, and there was transferred to the court what in substance was the power to nolle prosequi an indictment, • the transfer of this separate body of power from the Attorney-General and, from the District Attorney left unaffected and unimpaired their other and separate power in respect of lesser pleas. This latter power they exercised before the transfer and still exercise after the transfer. The power that was transferred to the court was unrelated to the acceptance of a lesser plea. It merely concerned the exercise of power to extinguish the indictment or the action and nothing more; and even this power over a felony indictment was still further limited, just as it had been at common law, to ,a dismissal that was not upon the merits.
The history of the events preceding the enactment of section 671, therefore, discloses the true and different nature, of the two grants of power, and the limited effect of the transfer of power in respect of the entry of a nolle prosequi upon an indictment. It buttresses the propriety of limiting the effect of section 671 to its literal language. It precludes acceptance of the view that it contains a grant of power to the court to accept a lesser plea of its own motion.
It is argued that the report of the Commissioners of Practice and Pleadings in 1849, which brought about in 1881 (L. 1881, ch. 442) the abolition of the entry of a nolle prosequi upon an indictment, the prohibition of the Attorney-General or a District Attorney from exercising that power, and the grant of the power under section 671 to a court to act of its own motion to dismiss an action or an indictment, contemplated that the power thus conferred in section 671 included the power to accept a lesser plea. Nothing in the report warrants that view. Such an interpretation would impute an intention to contravene the fundamental doctrine that a lesser plea cannot be accepted by a court unless there is a pleading before it. Such an intention may not be imputed when the recommended section expressly provides only for dismissal of the action or the indictment, which dismissal precludes the acceptance of a plea. Such ah interpretation would also disregard the fact that when the power in respect *463 of nolle prosequi upon an indictment was transferred, the officials from whom that power was taken still retained the separate body of power in respect of pleas, which latter body of power was not part of or incidental to their power to make an entry of nolle prosequi upon an indictment.. If it was the intention to confer, in addition, power to accept a lower plea, language conferring such a power would have been used. The report mákes quite clear that in providing for the enactment of chapter VII of title XII of the Code of Criminal Procedure, the only objective was the extinguishing of an indictment and of an action for failure to prosecute, on a defendant’s motion, or on the court’s own motion in furtherance of justice.
Cases cited by respondent County Judge from other jurisdictions, assuming they are sound, are readily distinguished. The courts’ rulings ensued after a disclosure of the extent of the prosecution’s evidence on a trial and it does not affirmatively appear in them that these States had statutes similar to section 342-a of the Code of Criminal Procedure.
What has been said with respect to the action of the County Court in People v. Rhodes applies with equal force and effect to its action in People v. Ross.
• The order of the Special Term should be reversed on the law, without costs, and the appellant’s application for the relief prayed for in the petition granted.
■Hagarty, Acting P.J., Adel, Nolan and Sneed, JJ., concur.
Order reversed on the law, without costs, and the appellant’s application for the relief prayed for in his petition granted.