

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

February 12, 1963

Hon. Stanley Kirk
District Attorney
Courthouse
Wichita Falls, Texas

Opinion No. C- 17

Re: Is Section 2, Article 1260a,
Vernon's Penal Code, uncon-
stitutional?

Dear Mr. Kirk:

You have requested an opinion as to whether Section
2 of Article 1260a, Vernon's Penal Code, is unconstitutional.
You state that this request is based on the statute's usage
of the phrase "Any collection of persons" and ask if this
phrase would make the statute subject to the objection of
being vague, indefinite and general.

Section 2, Article 1260a of Vernon's Penal Code, pro-
vides as follows:

"Lynching in second degree

"Sec. 2.    Any collection of persons
assembled without authority of law for the
purpose and with the intention of committing
an assault and battery upon any person, or
who shall form the intention of committing
an assault and battery after so assembling
upon any person shall be deemed a 'mob' for
the purpose of this Act, and any act of vio-
lence by a mob upon the body of any person,
which shall not result in the death of such
person, shall constitute a lynching in the
second degree within the meaning of this Act,
and any and every person composing a mob
which shall commit assault and battery or
which shall unlawfully shoot, stab, cut,
maim or wound any person or by any means
cause him bodily injury with intent to
injure, maim, stab, disfigure, or kill him,
if said assault shall not result in the
death of the assaulted person, shall be
guilty of lynching in the second degree and
upon conviction shall be confined in the

penitentiary for not less than one (1)
year nor more than ten (10) years."
(Emphasis ours)

In order to properly dispose of the question presented,
we call your attention to the following other sections of
Article 1260a as they appear in the actual legislative enact-
ment, Acts 51st Legislature, 1949, Chapter 582, Page 25.

"Sec. 5.  Nothing in this Act shall
repeal any existing laws relating to of-
fenses against the person and nothing
herein shall repeal existing laws relating
to unlawful assemblies, and rioting but
the provisions of this Act shall be cumu-
lative to these statutes."

"Sec. 6.  The fact that the State of
Texas has no specific laws to punish mobs
committing lynching... ."

Initially, several observations concerning Article
1260a as a whole are deemed pertinent.  By the enactment
of Article 1260a, the Legislature has defined the offense
of lynching and established both a first and second degree
of the offense depending on whether death resulted from
the unlawful actions of a mob.  A careful reading of this
statute, in regard to the type of offense created, reveals
a particular similarity between it and the statutes dealing
with Unlawful Assemblies and Rioting codified in Articles
439-472, Vernon's Penal Code.  Unlawful Assembly requires
three (3) or more persons as does Rioting, which has been
held to be a compound offense requiring both an unlawful
act and an unlawful assembly.  Blackwell v. State, 18 S.W.
676 (Tex.Crim. 1892).

These statutes then all deal with the unlawful and
unauthorized actions of groups variously referred to as
unlawful assemblies, riots and mobs.  An examination of
the various definitions given to these three terms reveals
a great similarity, and that one can not be easily defined
without reference to the others.  The word "mob" is said
to not be a strictly legal term but a vernacular word des-
criptive of a large and aggravated riot, and it is variously

defined as a riotious assemblage in Century Dictionary, and as a disorderly or riotious gathering or assemblage in the Standard Dictionary. Bouvier Law Dictionary says that mob, in a legal sense, is practically synomomous with riot although the latter is the more correct term.

In view of the foregoing and the additional factors discussed later, we call your attention to Article 6 of the Penal Code which provides:

"Whenever it appears that a provision of the penal law is so indefinitely framed or of such doubtful construction that it can not be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative." (Emphasis ours)

Consistent with all of these factors, we feel that the rule as set out in 39 Tex.Jur. 45, 46, Sec. 22 is controlling:

"A statute, and especially a criminal or penal act should be reasonable clear and plain and its provisions so certain, definite and specific that the enactment can be understood and applied, at least when considered in connection with other acts in pari materia." (Emphasis ours)

It is a well settled rule of statutory construction that statutes which deal with the same general subject having the same general purpose or relating to the same person or thing or class of persons or things are considered in pari materia. 39 Tex.Jur. 253 et seq., Sec. 135; 2 Sutherland on Statutory Construction (3rd Ed., 1943) 535 et seq., Sec. 5202.

The above rules taken in consideration with the cardinal rule of statutory construction, viz: the ascertainment of legislative intent, and applied to the statute in question here leads us to the conclusion that the statutes relating to unlawful assemblies and to rioting are in pari materia with the mobs and lynching statute, Article 1260a.

Therefore, we construe the words "any collection of persons" in the context used to mean three (3) or more. Consistent with this view we call your attention to the indictment form as set out in Willson's Tex. Crim. Forms Ann. (6th Ed., 1956) p. 348, Sec. 1686.  We also refer you to 2 Branch's Ann. Penal Code (2d Ed., 1956) 439, wherein Article 1260a is listed as a Collateral Statute to Unlawful Assemblies under Offenses Against the Public Peace.

In support of the views heretofore expressed, we must point out that there is no reported case in Texas under this Article.  However, in Zmunt v. Lexa, 175 N.E. 458,459, 37 Ohio App. 479 the following statute was construed:

> "Section 6278, General Code:  'a collection of people assembled for an unlawful purpose and intending to do damage or injury to any one, or pretending to exercise correctional power over other persons by violence and without authority of law shall be deemed a mob for the purpose of this chapter.'"

The Court held that a:

> "'Collection of people' is the same as a getting together of people, or an assemblage of people, and, while the statute does not state as to how many persons would constitute such a 'collection of people',... borrowing the common-law conception, it is generally well settled that it means 'a number of persons, not less than three (3).'" (Emphasis ours)

The distinct similarity of the type of statute and the holding with regard to an almost exact phrase is persuasive and supports the conclusion that we have reached herein.

Article 1 of Vernon's Civil Statutes provides:

> "The Common law of England, so far as

it is not inconsistent with the Constitution and laws of this State, shall together with such Constitution and laws, be the rule of decision, and shall continue in force until altered or repealed by the Legislature."

Where it has not been changed by the statutes, common law is followed in criminal as well as in civil matters. State v. Anderson, 119 Tex. 110, 26 S.W.2d 174 (1930).

In reaching the conclusion that Article 1260a is constitutional, we are mindful of the requirement that the Legislature clearly define every crime to avoid doubtful construction.

It is our opinion, however, that the judicial rule resolving all doubts and giving effect to every reasonable intendment and presumption in favor of the validity and constitutionality of the statute is controlling here. Therefore, we find that the phrase "any collection of persons" is not so vague, ambiguous and indefinite as to render Article 1260a, Section 2, unconstitutional.

## S U M M A R Y

Section 2 of Article 1260a is constitutional; and the phrase therein, "any collection of persons," means three (3) or more persons.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _Paul Phy_

Paul Phy
Assistant Attorney General

PP:nss

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman

Frank Booth

John Reeves

Joe R. Long

Scott Garrison

APPROVED FOR THE ATTORNEY GENERAL
BY:   Stanton Stone