**STATE of Missouri, Respondent,**

v.

**Scott Alan DANIELS, Appellant.**

**No. WD 42552.**

Missouri Court of Appeals,
Western District.

May 22, 1990.

Robert G. Smith and Lori A. Peterson, Brookfield, for appellant.

Douglas S. Roberts, Chillicothe, for respondent.

Before MANFORD, P.J., and KENNEDY and ULRICH, JJ.

KENNEDY, Judge.

This is an appeal by the owner of a 1988 Chevrolet pickup truck from a summary judgment of forfeiture of the truck under the Criminal Activity Forfeiture Act (CAFA), sections 513.600–513.645, RSMo 1986.

Scott Alan Daniels was arrested when a police officer found a bag of marijuana in the glove compartment of the truck, which was owned and being driven by Daniels. Daniels was charged with misdemeanor possession of marijuana, section 195.020, RSMo 1986. He was tried to the court without a jury upon a not-guilty plea and was found guilty. That conviction was not appealed.

The pickup truck whose forfeiture is sought in this CAFA proceeding was seized by the arresting officer at the time of Daniels' arrest and the petition for forfeiture was filed within five days thereafter. The CAFA proceeding was pending at the time of Daniels' trial and conviction for marijuana possession.

The State filed a motion for summary judgment in the CAFA proceeding. The facts are conceded, except Daniels filed an affidavit in which he denied that he had had any knowledge of the presence of the marijuana in the glove compartment.

The only question in this case is whether Daniels is foreclosed by the doctrine of collateral estoppel from disputing in the CAFA proceeding his knowing possession of the marijuana. The State claims that Daniels' knowing possession of the marijuana was an issue in the criminal trial, that the issue was decided adversely to Daniels, that he is bound by that finding, and is estopped from relitigating the issue in the CAFA proceeding. A thoroughgoing discussion of the offensive and defensive use of collateral estoppel in Missouri cases is contained in *State ex rel. O'Blennis v. Adolf*, 691 S.W.2d 498, 501–03 (Mo.App. 1985). Later cases include *Geringer v. Union Electric Co.*, 731 S.W.2d 859, 865–66 (Mo.App.1987); *Callahan v. Board of Probation and Parole*, 720 S.W.2d 445, 445–46 (Mo.App.1986); *Sunshine Realty Corp. v. Killian*, 702 S.W.2d 95, 98–104 (Mo.App. 1985).

We believe the trial court was correct in applying the doctrine of collateral estoppel with respect to the issue of defendant's knowing possession of the marijuana at the time of his arrest, and in sustaining the State's motion for summary judgment of forfeiture.

In *Hollenbeck v. Falstaff Brewing Corporation*, 605 F.Supp. 421, 432–33 (E.D.Mo. 1984), *aff'd*, 780 F.2d 20 (8th Cir.1985), the court said:

To successfully rely on offensive[1] collateral estoppel, the plaintiff must establish that

(1) the issue at stake is identical to the one involved in the prior litigation;

(2) the issue was actually litigated in the prior litigation;

(3) the determination of the issue in the prior litigation was a critical and necessary part of the judgment in that earlier action; and

(4) the offensive use of collateral estoppel in the subsequent case would not

---

**1.** The offensive-defensive distinction as applied to collateral estoppel may be viable in some cases, *see State ex rel. O'Blennis*, 691 S.W.2d at 502, but seems to have faded to the point of near vanishing. The distinction is ignored in the restatement of the doctrine, *Restatement (Second) of Judgments* §§ 27, 28 and 29 (1980).

be unfair to the defendant. The first three elements of these four are those that must be established in the traditional *defensive* use of collateral estoppel. *See Hicks v. Quaker Oats*, 662 F.2d 1158, 1166 (5th Cir.1981). The fourth element was added by the Supreme Court in *Park Lane Hosiery Co. v. Shore*, 439 U.S. 322, 329–37, 99 S.Ct. 645, 650–54, 58 L.Ed.2d 552 (1979), as a precondition to *offensive* use of collateral estoppel, as plaintiff is seeking to do in this case. The trial court has broad discretion in permitting the offensive use of collateral estoppel. *Id.* at 331, 99 S.Ct. at 651. In exercising this discretion, the trial court must judge the concept of fairness based on the totality of the circumstances surrounding the prior and subsequent lawsuits. For example, if during the prior lawsuit the defendant could foresee the subsequent suit, it would not be unfair to allow offensive use of collateral estoppel in the subsequent suit because defendant would have had the incentive to vigorously litigate the issue in the prior lawsuit. *Id.* at 330, 99 S.Ct. at 651. On the other hand, if the defendant did not have the same procedural or evidentiary opportunities available to him in the prior lawsuit that he now has available to him in the subsequent suit, it would be unfair to allow the offensive use of collateral estoppel if the difference between the procedural or evidentiary opportunities is likely to cause a different result in the subsequent case. *Id.* at 330–31, 99 S.Ct. at 651–652.

All the pre-conditions to offensive use of collateral estoppel are present in this CAFA case to preclude defendant's contesting his knowing possession of marijuana.

The application of collateral estoppel in CAFA cases to preclude defendant from relitigating issues necessarily decided in his criminal conviction has been approved in the following cases: *United States v. Smith*, 730 F.2d 1052, 1057 (6th Cir.1984); *United States v. "Monkey"*, 725 F.2d 1007, 1010–1011 (5th Cir.1984); *see also, Emich Motors Corporation v. General Motors Corporation*, 340 U.S. 558, 568–69, 71 S.Ct.

408, 414, 95 L.Ed. 534 (1951); *United States v. Three Copper Stills*, 47 F. 495, 497 (D.Ky.1890).

The defendant makes no argument at all why the collateral estoppel rule should not apply to preclude defendant from denying in the CAFA case that he knowingly possessed the marijuana, and no reason occurs to us.

Defendant cites *Webb v. Voirol*, 773 F.2d 208 (8th Cir.1985), for the proposition that "conviction in a criminal prosecution is not proof of anything in a civil proceeding, except the fact of its rendition." This is an isolated statement appearing at page 211. The statement is not even the statement of the court, but is attributed to one of the parties. *Webb* discusses and applies the doctrine of collateral estoppel, and the case is entirely consistent with what we have said above. Defendant also cites *Pruiett v. Wilform*, 477 S.W.2d 76 (Mo.1972). *Pruiett v. Wilform*, 477 S.W.2d at 80, stands for the proposition stated by the court as follows:

> Generally speaking, a plea of guilty is admissible in any subsequent proceeding against the one who made it, for it is a solemn confession of the truth of the charge.... But, although admissible in a subsequent civil case, it is not conclusive, and it may be explained. (Citations omitted).

The following cases hold that a criminal conviction upon a not-guilty plea is not admissible in evidence in a subsequent civil proceeding to prove an issue common to the two proceedings: *Sklebar v. Downey*, 220 Mo.App. 5, 285 S.W. 148, 148–49 (1926); *see Bibbs v. Fidelity Health & Accident Co.*, 71 S.W.2d 764, 765–66 (Mo.App.1934); *see also, Annot., Conviction or Acquittal as Evidence of the Facts on Which It Was Based in Civil Action*, 18 A.L.R.2d 1287, 1290–1295, § 2 (1951).

Admissibility in evidence of the previous criminal conviction, in a later civil case involving the same incident, is a different issue from the issue of collateral estoppel. In the former case, there is assumed to be a fact question in the later case, and the

issue is whether the conviction is admissible to prove or disprove the disputed fact. On a claim of collateral estoppel, on the other hand, the question is whether there is a fact issue at all, or whether the fact issue has been precluded by the earlier judgment.

Defendant is foreclosed by principles of collateral estoppel from relitigating in the CAFA proceeding the issue of his knowing possession of the marijuana.

The trial court was correct in granting summary judgment and the judgment is affirmed.

All concur.