STATE of Texas, Appellant,

v.

Charles Michael GRAY, Appellee.

No. 3–90–180–CR.

Court of Appeals of Texas, Austin.

Dec. 12, 1990.

---

David M. Williams, County Atty., San Saba, for appellant.

Ross G. Lavin, Jr., Burnet, for appellee.

Before CARROLL, ABOUSSIE and JONES, JJ.

PER CURIAM.

On February 8, 1990, a complaint and information were filed accusing appellee of driving while intoxicated, first offense. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp. 1991). On August 20, 1990, the trial court ordered the prosecution dismissed on appellee's motion. The State appeals from this order. Tex.Code Cr.P.Ann. art. 44.01(a)(1) (Supp.1991).

■ The motion to dismiss stated as its ground that "the information ... is fatally defective because it alleges that the complaint ... 'is filed herewith' with the filing of the information. The complaint was not filed prior to the filing of the information, pursuant to [Tex.Code Cr.P. Ann.] art. 21.22 [1989]." Article 21.22 requires that the "affidavit [complaint] shall be filed with the information." The statute does not require that the complaint be filed before the information is filed. *Talley v. State*, 399 S.W.2d 559 (Tex.Cr.App.1966); *Schultz v. State*, 725 S.W.2d 411 (Tex.App. 1987), aff'd, 771 S.W.2d 549 (Tex.Cr.App. 1989). In this cause, the complaint and information were filed simultaneously, which complies with the statutory requirement. Although the record is silent on this point, the briefs of both parties state that it is the policy of the court below that the filing of a complaint must precede the fil-

ing of an information (by at least five minutes, according to the State's brief).

■ In this State, responsibility for criminal prosecutions is vested in the district and county attorneys. *Meshell v. State*, 739 S.W.2d 246, 254 (Tex.Cr.App.1987). At common law, the prosecuting attorney alone had the power to enter a *nolle prosequi*. *State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174 (1930); *State v. McLane*, 31 Tex. 260 (1868). It has been held consistently that in the absence of constitutional or statutory authorization, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney. *State v. Anderson, supra; Wallace v. State*, 170 S.W.2d 762, 764 (Tex.Cr.App.1943); *Malley v. State*, 69 S.W.2d 765 (Tex.Cr.App.1934); *State v. Chandler*, 767 S.W.2d 211 (Tex. App.1989, no pet.). *See also Ex parte Hopson*, 688 S.W.2d 545, 551–552 (Tex.Cr. App.1985) (concurring opinion); *Flores v. State*, 487 S.W.2d 122, 125 (Tex.Cr.App. 1972); *State v. Fox*, 772 S.W.2d 455, 457 (Tex.App.1989, no pet.); *Norwood v. State*, 768 S.W.2d 347, 349 (Tex.App.1989, pet. granted); *State v. Harkins*, 705 S.W.2d 788, 791 (Tex.App.1986, original proceeding) (concurring opinion).

■ The prosecuting attorney's authority to dismiss a prosecution has been modified by statute to the extent that leave of the trial court must be obtained. Tex.Code Cr.Pro.Ann. art. 32.02 (1989). Further, trial courts have implicitly been granted the authority to dismiss a criminal prosecution without a motion by the prosecuting attorney in certain cases where the defendant's motion to set aside or exception to the charging instrument is granted, or where the defendant's special plea is sustained. *See* Tex.Code Cr.P.Ann. ch. 27 and 28 (1989). *See also State v. Eaves*, 800 S.W.2d 220 (Tex.Cr.App.1990).

Insofar as the record before this Court reflects, the information and complaint in this cause were filed by the county attorney in full compliance with the laws of this State. No motion to dismiss this prosecution has been filed by the county attorney, and we are cited to no statutory or constitutional provision authorizing the trial court to dismiss the prosecution *sua sponte* because the complaint was not filed prior to

the information. We therefore conclude that the trial court abused its discretion by ordering the prosecution dismissed.

The order dismissing the prosecution is set aside, and the cause is remanded to the county court for trial.