TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00187-CR






The State of Texas, Appellant



v.



Irma Gonzales


a/k/a Irma Gonzales Munoz, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY


NO. 99-02326L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING







The State filed an information alleging that appellee Irma Gonzales


on or about the 29th day of August, 1999, . . . operate[d] a motor vehicle in a
public place while intoxicated, in that the said [appellee] did not have the normal
use of her mental or physical faculties by reason of the introduction of alcohol into
her body and had an alcohol concentration of 0.08 or more . . . .



See Tex. Penal Code Ann. § 49.04 (West Supp. 2000). On the date alleged, "intoxicated" was
defined as not having the normal use of mental or physical faculties by reason of the introduction
of alcohol or other proscribed substance into the body, or as having an alcohol concentration of
0.10 or more. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01, 1993 Tex.
Gen. Laws 3586, 3696 (Tex. Penal Code Ann. § 49.01(2)(A), (B), since amended). The county
court at law judge dismissed "this cause" on her own motion, apparently because the alcohol
concentration alleged in the information is below the statutorily prescribed minimum. (1) The State
appeals. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2000); see also State v.
Moreno, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991) (State may appeal "whenever the effect
of [the] order forces any alteration of the indictment or information before the trial on the
merits"). We will reverse.In the absence of specific authority, a trial court cannot dismiss a prosecution
except on the motion of the prosecuting attorney. See State v. Terrazas, 962 S.W.2d 38, 40-41
(Tex. Crim. App. 1998); State v. Johnson, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991); State
v. Gray, 801 S.W.2d 10, 11 (Tex. App.--Austin 1990, no pet.). A trial court may dismiss a
prosecution without the State's consent when the defendant's motion to set aside the charging
instrument is granted. See Gray, 801 S.W.2d at 11. The appellee did not move to set aside or
quash the information in this cause, however.

In a prosecution for driving while intoxicated, the State may prove intoxication by
reason of a loss of faculties or by reason of alcohol concentration (intoxication per se). See
Daricek v. State, 875 S.W.2d 770, 771-72 (Tex. App.--Austin 1994, pet. ref'd). The information
in this cause attempts to allege both theories of the offense. While the information fails to allege
the per se theory for the reason stated above, it properly alleges the loss of faculties theory and
is sufficient to vest jurisdiction in the county court at law. See Duron v. State, 956 S.W.2d 547,
551 (Tex. Crim. App. 1997). The State was free to abandon the per se theory and prosecute the
appellee on the loss of faculties theory. See Eastep v. State, 941 S.W.2d 130, 133-34 (Tex. Crim.
App. 1997).

For the reasons stated, the order of dismissal is reversed and the cause is remanded
to the county court at law for further proceedings.



 
 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: August 31, 2000

Publish

1. No motion to dismiss or quash was filed by the appellee, and the court's order does not state
the ground for dismissal. A docket entry reads, "Case dismissed by Court--information in error
as to language in charge."


EALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00187-CR






The State of Texas, Appellant



v.



Irma Gonzales


a/k/a Irma Gonzales Munoz, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY


NO. 99-02326L2, HONORABLE PENNY ANNE ROBERTS, JUDGE PRESIDING







The State filed an information alleging that appellee Irma Gonzales


on or about the 29th day of August, 1999, . . . operate[d] a motor vehicle in a
public place while intoxicated, in that the said [appellee] did not have the normal
use of her mental or physical faculties by reason of the introduction of alcohol into
her body and had an alcohol concentration of 0.08 or more . . . .



See Tex. Penal Code Ann. § 49.04 (West Supp. 2000). On the date alleged, "intoxicated" was
defined as not having the normal use of mental or physical faculties by reason of the introduction
of alcohol or other proscribed substance into the body, or as having an alcohol concentration of
0.10 or more. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, sec. 1.01, § 49.01, 1993 Tex.
Gen. Laws 3586, 3696 (Tex. Penal Code Ann. § 49.01(2)(A), (B), since amended). The county
court at law judge dismissed "this cause" on her own motion, apparently because the alcohol
concentration alleged in the information is below the statutorily prescribed minimum. (1) The State
appeals. See Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (West Supp. 2000); see also State v.
Moreno, 807 S.W.2d 327, 334 (Tex. Crim. App. 1991) (State may appeal "whenever the effect
of [the] order forces any alteration of the indictment or information before the trial on the
merits"). We will reverse.In the absence of specific authority, a trial court cannot dismiss a prosecution
except on the motion of the prosecuting attorney. See State v. Terrazas, 962 S.W.2d 38, 40-41
(Tex. Crim. App. 1998); State v. Johnson, 821 S.W.2d 609, 613 (Tex. Crim. App. 1991); State
v. Gray, 801 S.W.2d 10, 11 (Tex. App.--Austin 1990, no pet.). A trial court may dismiss a
prosecution without the State's consent when the defendant's motion to set aside the charging
instrument is granted. See Gray, 801 S.W.2d at 11. The appellee did not move to set aside or
quash the information in this cause, however.

In a prosecution for driving while intoxicated, the State may prove intoxication by
reason of a loss of faculties or by reason of alcohol concentration (intoxication per se). See
Daricek v. State, 875 S.W.2d 770, 771-72 (Tex. App.--Austin 1994, pet. ref'd). The information
in this cause attempts to allege both theories of the offense. While the information fails to allege
the per se theory for the reason stated above, it properly alleges the loss of faculties theory and
is sufficient to vest jurisdiction in the county court at law. See Duron v. State, 956 S.W.2d 547,
551 (Tex. Crim. App. 1997). The State was free to abandon the per se theory and prosecute the
appellee on the loss of faculties theory. See Eastep v. State, 941 S.W.2d 130, 133-34 (Tex. Crim.
App. 1997).

For the reasons stated, the order of dismissal is reversed and the cause is remanded
to the county court at law for further proceedings.



 
 

 Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: August 31, 2000

Publish

1.