**Lawrence Maurice WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00428–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 31, 1991.

Glen Youngblood, Houston, for appellant.

John B. Holmes, Harris County Dist. Atty., for appellee.

Before EVANS, C.J., and WILSON and COHEN, JJ.

## OPINION

COHEN, Justice.

This is an appeal from a conviction for aggravated robbery. After the trial court overruled his pretrial motions, appellant entered a guilty plea pursuant to a plea bargain agreement with the State. In accordance with such plea bargain, the trial court found appellant guilty and assessed punishment at 30 years confinement.

Appellant's court-appointed counsel has filed a brief in which he has stated his opinion that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record and advancing an arguable ground of error on appeal. *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969); *see also High v. State,* 573 S.W.2d 807 (Tex.Crim.App. [Panel Op.] 1978); *Jackson v. State,* 485 S.W.2d 553 (Tex.Crim.App. 1972).

A copy of counsel's brief has been delivered to appellant, and appellant has been advised that he has the right to file a pro se brief. No pro se brief has been filed within 30 days.

In his sole point of error, counsel asserts the trial court committed reversible error in denying appellant's waiver of his presence at the pretrial identification suppression hearing. At this hearing, appellant sought to be absent because "his presence destroys the opportunity ... to prove there is no independent source for identification." The trial court denied this motion, stating, "I think his presence is required."

A defendant's "presence is required during any pretrial proceeding." TEX.CODE CRIM.P.ANN. art. 28.01, § 1 (Vernon 1979). Appellant asserts, however, that he can waive any right, except the right to a jury trial in a capital case. TEX.CODE CRIM.P. ANN. art. 1.14(a) (Vernon 1979). Thus, he contends he can waive his "right," under article 28.01, to attend his pretrial hearing. We disagree. Article 28.01 imposes a requirement on defendants, not a "right." There is a right to be present at one's trial, but not a right to be absent. *Compare* TEX.CODE CRIM.P.ANN. (Vernon 1979) 28.01, 33.03,[1] and 33.04[2] *with* TEX.CODE CRIM.P. ANN. (Vernon 1979) 1.05 (granting "Rights of Accused," including the "right of being heard by himself, or counsel, or both....") When the legislature did not intend to require a defendant's presence, it said so plainly in articles 33.03 and 33.04. No such language is in article 28.01. Accordingly, we hold that appellant's presence was required, and the trial judge did not err.

The judgment is affirmed.

---

1. "In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail.... Provided, however, that *the presence of the defendant shall not be required at the hearing on the motion for new trial in any misdemeanor case.*" (Emphasis added).

2. "*In other misdemeanor cases,* the defendant may, by the consent of the State's attorney, appear by counsel, and *the trial may proceed without his presence.*" (Emphasis added).