IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-579-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





JUAN SALAZAR ALEMAN,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY


 

NO. 35,446, HONORABLE HOWARD S. WARNER, II, JUDGE



 




PER CURIAM

 The State appeals from an order of the trial court dismissing this cause with
prejudice on appellee's motion. Tex. Code Crim. Proc. Ann. art. 44.01(a)(1) (Supp. 1992); see
State v. Eaves, 800 S.W.2d 220 (Tex. Crim. App. 1990). The underlying offense is misdemeanor
theft.

 Appellee's motion to dismiss alleged, among other things, that he had been denied
his constitutional right to a speedy trial. In its order granting the motion, the county court at law
found that appellee had been denied a speedy trial.

 In its first point of error, the State complains that appellee was not present at the
hearing on the motion to dismiss. The presence of the defendant is required during any pretrial
proceeding. Tex. Code Crim. Proc. Ann. art. 28.01 (1989). It appears from the record that
appellee, through counsel, requested that the hearing on his motion to dismiss proceed in his
absence. It further appears that appellee was absent with the prior consent of the trial court.

 It has been held that art. 28.01 imposes a requirement on the defendant; it does not
grant a right that may be waived. Warren v. State, 804 S.W.2d 597, 598 (Tex. App. 1991, no
pet.). It has also been held that the defendant's absence at a pretrial hearing can be harmless
error. Riggall v. State, 590 S.W.2d 460, 461 (Tex. Crim. App. 1979) (citing Cleveland v. State,
573 S.W.2d 33 (Tex. Crim. App. 1978)). In this cause, appellee's counsel was present at the
hearing and his motion to dismiss was considered and granted. If the trial court erred by failing
to require appellee's presence at the hearing, the error was clearly harmless to appellee. The State
did not object to appellee's absence, thus waiving its right to complain. Tex. R. App. P. Ann.
52(a) (Pamph. 1992). No reversible error is presented by the first point of error.

 In its second point of error, the State urges that the trial court was without authority
to dismiss this cause on appellee's motion. In general, a trial court may not dismiss a prosecution
except on the motion of the prosecuting attorney. State v. Johnson, 821 S.W.2d 609 (Tex. Crim.
App. 1991); State v. Gray, 801 S.W.2d 10 (Tex. App. 1990, no pet.); Tex. Code Crim. Proc.
Ann. art. 32.02 (1989). There are exceptions to this rule, however, one of which is that a trial
court may set aside a charging instrument for failure to provide a speedy trial. Tex. Code Crim.
Proc. Ann. art. 28.061 (1989). The county court at law did not exceed its authority by granting
appellee's motion to dismiss for want of a speedy trial. The State does not bring forward a point
of error challenging the finding that appellee's speedy trial right was abridged. We therefore do
not address the merits of the trial court's ruling. The second point of error is overruled.

 The order of the county court at law is affirmed.


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 29, 1992

[Do Not Publish]