

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-10-00001-CR
_____


IN RE:
VERGER RICHARDSON AND MARK ALLEN RICHARDSON


Original Mandamus Proceeding


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Verger Richardson and Mark Allen Richardson have filed a petition for writ of mandamus asking this Court to compel the Honorable John Miller of the 102nd Judicial District Court of Red River County, Texas, to dismiss the prosecutions against them with prejudice, as requested by the prosecuting attorney. We deny the petition.

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004).

Relators contend they are entitled to mandamus on the basis that Judge Miller abused his discretion by refusing to grant the State's motion to dismiss the prosecutions against them with prejudice. We disagree.

Article 32.02 of the Texas Code of Criminal Procedure provides:

> The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

TEX. CODE CRIM. PROC. ANN. art. 32.02 (Vernon 2006).

2

In discussing the origin and development of dismissal authority, the Texas Court of Criminal Appeals explained that Article 32.02's predecessor was enacted to provide some supervision by district courts in the form of veto power over local district attorneys. *Smith v. State*, 70 S.W.3d 848, 854–55 (Tex. Crim. App. 2002); *see In re State ex rel. Valdez*, 294 S.W.3d 337 (Tex. App.—Corpus Christi 2009, orig. proceeding).

The statute states that a criminal prosecution may be dismissed only with the trial court's consent. This language, and the cited cases, demonstrate that a trial court's decision to give or withhold consent to a dismissal is not a ministerial act. Further, the reason for providing "veto power" to a trial court, as articulated by the *Smith* opinion, indicates that the exercise of such power is discretionary, and therefore, outside the bounds of mandamus relief.

We deny the petition for writ of mandamus.


                                        Josh R. Morriss, III
                                        Chief Justice


Date Submitted:      January 6, 2009
Date Decided:        January 7, 2009

Do Not Publish

3