

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00094-CR

_____

IN RE:   VERGER RICHARDSON (A/K/A VERGIL RICHARDSON)
AND MARK ALLEN RICHARDSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Verger Richardson (a/k/a Vergil Richardson) and Mark Allen Richardson have filed a petition for writ of mandamus asking this Court to compel the Honorable John F. Miller, Jr., judge of the 102nd Judicial District Court, to execute orders dismissing the prosecutions against them with prejudice—as requested by the prosecuting attorney.

This proceeding first appeared before this Court, seeking the same relief, in January 2010. In that mandamus opinion, we explained that the statutory authority for dismissal of a prosecution was only with the consent of the presiding judge—and that giving such consent is discretionary, not a ministerial act. The judge declined to give consent. Under those facts, the trial judge's action was discretionary and outside the bounds of mandamus relief.

The standard for mandamus relief articulated by the Texas Court of Criminal Appeals requires the relator to establish that: (1) there is no adequate remedy at law to redress the alleged harm; and (2) only a ministerial act, not a discretionary or judicial decision, is being sought. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). To grant mandamus, the Texas Court of Criminal Appeals has required "definitive, well-settled, and unequivocal legal authority from this Court that indisputably governs the instant factual scenario." *Id.* at 212. No such authority exists.

In this petition, although the same basic relief is sought, relator has raised different arguments. Relator states that Judge Miller had directed the county attorney pro tem to consider

2

specific testimony presented to the grand jury, that she did so, and according to relator, she also recommended dismissal. Judge Miller still, however, declined to dismiss the cases.

As we stated in our prior opinion, the governing statute provides that:

> The attorney representing the State may, by permission of the court, dismiss a criminal action at any time upon filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated in the judgment of dismissal. No case shall be dismissed without the consent of the presiding judge.

TEX. CODE CRIM. PROC. ANN. art. 32.02 (Vernon 2006).

The decision itself is not ministerial in nature, but remains within the discretion of the trial judge.[1]

Relator also argues briefly that the statute itself is unconstitutional because it allows the judiciary to invade the province of the executive branch, thus violating the Separation of Powers Clause of the Texas Constitution. TEX. CONST. art II, § 1.

We disagree. At this point in the proceeding, an indictment has been filed in the 102nd Judicial District Court, and the judicial branch has jurisdiction. Judges are not required to rule a particular way on requests made by or motions filed by the parties—even if agreed to by both parties. To require such would negate the very purpose of the trial judge: to adjudge the merits

---

[1] The origin and development of dismissal authority was discussed by the court in *Smith v. State*, 70 S.W.3d 848 (Tex. Crim. App. 2002), explaining that Article 32.02's predecessor was enacted to provide some supervision by district courts in the form of veto power over local district attorneys. *Id*. at 854–55; *see In re State ex rel. Valdez*, 294 S.W.3d 337 (Tex. App.—Corpus Christi 2009, orig. proceeding). The article states that a criminal prosecution may be dismissed only with the trial court's consent. This language, and the cited cases, show that a trial court's giving of consent to a dismissal is not a ministerial act. Further, the reason for providing "veto power" to a trial court, as articulated by the *Smith* opinion, indicates that the exercise of such power is discretionary, and therefore, outside the bounds of mandamus relief.

3

of matters brought before it. This does not constitute an invasion of the authority of another branch of government—it is the proper exercise of the authority of the judicial branch.

We deny the petition.

Jack Carter
Justice

Date Submitted:   June 1, 2010
Date Decided:    June 2, 2010