In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00094-CR

                                                ______________________________

 

 

 

                   IN
RE:  VERGER RICHARDSON (A/K/A VERGIL
RICHARDSON)

AND
MARK ALLEN RICHARDSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

 

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Verger Richardson (a/k/a Vergil
Richardson) and Mark Allen Richardson have filed a petition for writ of mandamus
asking this Court to compel the Honorable John F. Miller, Jr., judge of the 102nd
Judicial District Court, to execute orders dismissing the prosecutions against
them with prejudice––as requested by the prosecuting attorney.  

            This proceeding first appeared
before this Court, seeking the same relief, in January 2010.  In that mandamus opinion, we explained that
the statutory authority for dismissal of a prosecution was only with the
consent of the presiding judge—and that giving such consent is discretionary,
not a ministerial act.  The judge
declined to give consent.  Under those
facts, the trial judge’s action was discretionary and outside the bounds of
mandamus relief.

            The standard for mandamus relief
articulated by the Texas Court of Criminal Appeals requires the relator to
establish that:  (1) there is no adequate
remedy at law to redress the alleged harm; and (2) only a ministerial act, not
a discretionary or judicial decision, is being sought.  See
State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,
236 S.W.3d 207, 210 (Tex. Crim. App. 2007). 
To grant mandamus, the Texas Court of Criminal Appeals has required
“definitive, well-settled, and unequivocal legal authority from this Court that
indisputably governs the instant factual scenario.”  Id.
at 212.  No such authority exists. 

            In this petition, although the same
basic relief is sought, relator has raised different arguments.  Relator states that Judge Miller had directed
the county attorney pro tem to consider specific testimony presented to the
grand jury, that she did so, and according to relator, she also recommended
dismissal.  Judge Miller still, however,
declined to dismiss the cases. 

            As we stated in our prior opinion,
the governing statute provides that:

The
attorney representing the State may, by permission of the court, dismiss a
criminal action at any time upon filing a written statement with the papers in
the case setting out his reasons for such dismissal, which shall be
incorporated in the judgment of dismissal. 
No case shall be dismissed without the consent of the presiding
judge.  

 

Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 2006).

            The decision itself is not
ministerial in nature, but remains within the discretion of the trial judge.[1]  

            Relator also argues briefly that the
statute itself is unconstitutional because it allows the judiciary to invade
the province of the executive branch, thus violating the Separation of Powers Clause
of the Texas Constitution.  Tex. Const. art II, § 1. 

            We disagree.  At this point in the proceeding, an
indictment has been filed in the 102nd Judicial District Court, and the judicial
branch has jurisdiction.  Judges are not
required to rule a particular way on requests made by or motions filed by the
parties—even if agreed to by both parties. 
To require such would negate the very purpose of the trial judge:  to adjudge the merits of matters brought
before it.  This does not constitute an
invasion of the authority of another branch of government––it is the proper
exercise of the authority of the judicial branch.  

            We deny the petition.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date
Submitted:          June 1, 2010

Date
Decided:             June 2, 2010

 











[1]The
origin and development of dismissal authority was discussed by the court in Smith v. State, 70 S.W.3d 848 (Tex.
Crim. App. 2002), explaining that Article 32.02’s predecessor was enacted to
provide some supervision by district courts in the form of veto power over
local district attorneys.  Id. at 854–55; see In re State ex rel. Valdez, 294 S.W.3d 337 (Tex. App.––Corpus
Christi 2009, orig. proceeding).  The
article states that a criminal prosecution may be dismissed only with the trial
court’s consent.  This language, and the
cited cases, show that a trial court’s giving of consent to a dismissal is not
a ministerial act.  Further, the reason
for providing “veto power” to a trial court, as articulated by the Smith opinion, indicates that the
exercise of such power is discretionary, and therefore, outside the bounds of
mandamus relief.